**WO**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| Jamie Flyte,<br>Plaintiff,<br>v.<br>Anthony L England, et al.,<br>Defendants. | No. CV-26-01534-PHX-SHD<br>**ORDER** |

Pending is Plaintiff Jamie Flyte's Motion for Award of Attorneys' Fees and Costs Against All Defendants. (Doc. 14.) For the reasons stated below, the motion will be **granted**.

## I. BACKGROUND

Flyte brought this action against Defendants Anthony L. England and Amanda C. England (collectively, "Defendants"), alleging that Defendants failed to pay wages owed to her in violation of the Fair Labor Standards Act ("FLSA") and Arizona wage laws.

Although Defendants were served, they failed to answer or otherwise respond, and the Clerk entered their default on April 1, 2026. (Doc. 9.) On September 30, 2026, the Court granted Flyte's Motion for Entry of Default Judgment. (Doc. 12.) The Court awarded Flyte $1,764, representing a trebled award of $588 in unpaid minimum wages, against Defendants individually, jointly, and severally, together with post-judgment interest under 28 U.S.C. § 1961. The Court also provided that Flyte could seek attorneys' fees and costs by motion under LRCiv 54.2. (*Id.*)

Flyte now seeks $6,039 in attorneys' fees for 12.2 hours of work performed by Clifford P. Bendau, II, at an hourly rate of $495, and $577 in litigation costs, for a total award of $6,616. (Doc. 14 at 5; Doc. 14-5 ¶¶ 13, 17.)

## II. LEGAL STANDARD

A party seeking an award of attorneys' fees must establish eligibility for and entitlement to an award and demonstrate that the amount requested is reasonable. LRCiv 54.2(c). The FLSA provides that the Court shall, in addition to any judgment awarded to a plaintiff, award a reasonable attorney's fee and costs of the action. 29 U.S.C. § 216(b). The Arizona Minimum Wage Act ("AMWA") likewise provides that a prevailing plaintiff is entitled to reasonable attorneys' fees and costs of suit. Ariz. Rev. Stat. § 23-364(G). A plaintiff who obtains a default judgment is a prevailing party entitled to reasonable fees and costs. *Avila v. JBL Cleaning LLC*, 2025 WL 755421, at *1 (D. Ariz. Mar. 10, 2025).

Courts determine a reasonable statutory fee award using the lodestar method, multiplying the number of hours reasonably expended on the litigation by a reasonable hourly rate. *Kelly v. Wengler*, 822 F.3d 1085, 1099 (9th Cir. 2016); *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). A reasonable hourly rate reflects the prevailing market rate in the relevant community. *Kelly*, 822 F.3d at 1099. Hours that are excessive, redundant, or otherwise unnecessary must be excluded. *Hensley*, 461 U.S. at 434. Purely clerical or administrative work is not compensable at an attorney's hourly rate. *Nadarajah v. Holder*, 569 F.3d 906, 921 (9th Cir. 2009).

After determining the lodestar, the Court considers whether an adjustment is warranted under the factors identified in *Kerr v. Screen Extras Guild, Inc.*, 526 F.2d 67, 70 (9th Cir. 1975), to the extent those factors are not already subsumed in the lodestar calculation. *Gonzalez v. City of Maywood*, 729 F.3d 1196, 1209 n.11 (9th Cir. 2013). Reasonable time spent preparing an application for attorneys' fees is also compensable. *Gary v. Carbon Cycle Arizona LLC*, 398 F. Supp. 3d 468, 479 (D. Ariz. 2019).

## III. DISCUSSION

### A. Eligibility and Entitlement

Flyte obtained default judgment against Defendants for unpaid minimum wages and statutory damages. (Doc. 12.) She is therefore the prevailing party and is eligible for and entitled to recover reasonable attorneys' fees and costs under the FLSA and AMWA. *See* 29 U.S.C. § 216(b); Ariz. Rev. Stat. § 23-364(G).

**B. Reasonableness of Attorneys' Fees**

Flyte supports her request with the representation agreement, counsel's billing records, and counsel's declaration describing his experience, the services performed, and the fees and costs incurred. (Docs. 14-1, 14-4, 14-5.) Counsel requests an hourly rate of $495. His declaration establishes that his practice focuses on plaintiff-side wage-and-hour litigation and that he has substantial experience litigating FLSA matters, including more than 700 lawsuits in the District of Arizona. (Doc. 14-5 ¶¶ 5–8.) Courts in this District have approved the same hourly rate for his work in comparable matters. In *Lopez v. Babas Motorsports LLC*, Judge Tuchi concluded that a $495 hourly rate for Mr. Bendau did not exceed the market rate and was reasonable. 2025 WL 3166859, at *2 (D. Ariz. Nov. 13, 2025). Prior rate determinations are satisfactory evidence of the prevailing market rate. *Camacho v. Bridgeport Financial, Inc.*, 523 F.3d 973, 980 (9th Cir. 2008). Considering counsel's experience, the nature of this litigation, and the evidence submitted, the Court finds the requested $495 hourly rate reasonable.

Flyte requests compensation for 12.2 hours of attorney time. Counsel's declaration describes work that included interviewing Flyte and investigating her claims, developing litigation strategy, calculating damages, preparing the complaint, arranging service, communicating with Flyte and Defendant Anthony L. England, preparing the default-judgment papers, and preparing the present fee motion. (Doc. 14-5 ¶¶ 13–15.) Counsel also states that he reviewed the time records and removed time that was duplicative or inefficient. (*Id.* ¶ 15.)

Although the wage claims were straightforward, obtaining relief required counsel to investigate the claims, commence the action, secure service, and obtain default judgment. The requested 12.2 hours are reasonable in light of the work necessary to

prosecute the action and obtain the relief awarded. Reasonable time devoted to the fee application is compensable as well. *Gary*, 398 F. Supp. 3d at 479.

Multiplying 12.2 hours by the reasonable hourly rate of $495 yields a lodestar of $6,039. The Court finds no basis to adjust that amount. The lodestar already accounts for the time and labor required, counsel's skill and experience, and the customary fee. The remaining *Kerr* factors, including the nature of the issues, the absence of unusual time limitations or substantial preclusion of other work, the results obtained, and awards in similar cases, do not warrant an upward or downward adjustment. The Court therefore awards Flyte $6,039 in attorneys' fees.

**C. Costs**

Flyte also requests $577 in out-of-pocket litigation costs, consisting of the $405 filing fee and $172 in service-of-process expenses. (Doc. 14-4; Doc. 14-5 ¶ 17.) These expenses were reasonably incurred in commencing this action and serving Defendants and are recoverable under the FLSA and AMWA. *See* 29 U.S.C. § 216(b); A.R.S. § 23-364(G). The Court therefore awards the requested costs in full.

**IV. CONCLUSION**

Flyte has established her eligibility for and entitlement to attorneys' fees and costs and the reasonableness of the requested amounts. Accordingly,

**IT IS ORDERED** granting Plaintiff Jamie Flyte's Motion for Award of Attorneys' Fees and Costs Against All Defendants. (Doc. 14.)

**IT IS FURTHER ORDERED** awarding Plaintiff Jamie Flyte $6,039.00 in attorneys' fees and $577.00 in costs, for a total award of **$6,616.00**, against Defendants Anthony L. England and Amanda C. England, individually, jointly, and severally.

**IT IS FURTHER ORDERED** that post-judgment interest shall accrue on this award at the statutory rate prescribed by 28 U.S.C. § 1961 from the date of entry of the judgment awarding these fees and costs until paid.

///

///

**IT IS FURTHER ORDERED** directing the Clerk of Court to enter a supplemental judgment consistent with this Order. This award is in addition to, and does not replace or modify, the damages previously awarded pursuant to the Court's September 30, 2026 Order. This case remains closed.

Dated this 16th day of November, 2026.

Honorable Sharad H. Desai
United States District Judge